**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James K. King,<br><br>              Plaintiff,<br><br>v.<br><br>Union Leasing Inc., d/b/a Union Leasing Trust; Transtyle, Inc.; Sadeghi Holdings LLC; Mimi Sadeghi; Fred Sadeghi; Faramarz Sadeghi; Saba's Limo Inc.; and Sabah S. Alnassary;<br><br>              Defendants. | No. CV-17-03281-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff James King has filed a motion for default judgment against Defendants Transtyle, Inc., Sadeghi Holdings LLC, and Mimi, Fred, and Faramarz Sadeghi. Doc. 84. For the reasons stated below, default judgment is appropriate.

**I.    Background.**

Plaintiff alleges that Defendants falsely represented vehicle mileage when they sold or transferred title to a 2013 Cadillac Escalade that Plaintiff ultimately purchased. Plaintiff asserts two causes of action: (1) violation of the Federal Odometer Act, 49 U.S.C. § 32701, against all Defendants, and (2) violation of the Arizona Consumer Fraud Act, A.R.S. § 44-1521, against Defendant Sabo's Limo Inc. Doc. 1.

Plaintiff served discovery requests on Defendant Transtyle and the Sadeghi

Defendants on January 17, 2018, to which Defendants did not respond. Docs. 44-47. The parties were ordered to personally appear and participate in a settlement conference set for February 26, 2018, but Defendants did not appear. Docs. 39, 55. Nor have Defendants responded to the order to show cause why they should not be sanctioned for failing to participate in the settlement conference. Doc. 58.

On March 29, 2018, counsel for the parties appeared telephonically for a discovery conference regarding Defendants' failure to respond to Plaintiff's discovery requests. The Court ordered Defendants to produce documents to Plaintiff by April 4, 2018. Doc. 62. A second hearing was scheduled for April 13, 2018 to again discuss Defendants' failure to respond to the discovery requests, but counsel for Defendants did not appear. Docs. 65-66. The Court entered an order to show cause why default judgment should not be entered against Defendants as a sanction for failing to comply with discovery obligations and court orders. Doc. 67. Defendants have failed to respond.

On May 24, 2018, Plaintiff filed a motion for default judgment. Doc. 69. Defendants' default was entered pursuant to Rule 55(a), and Plaintiff was instructed to file a motion for a specific default judgment based on the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Docs. 70-71. Plaintiff filed the present default judgment motion on June 22, 2018. Doc. 84. No response has been filed.

**II. Default Judgment.**

After default is entered by the clerk, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility

of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel*, 782 F.2d at 1471-72. In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Having reviewed the complaint and default judgment motion, and based on the record as a whole, the Court finds that the *Eitel* factors clearly favor default judgment in the amounts of $65,072.13 in damages, $14,917.50 for attorneys' fees, and $494.50 for costs.

### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of default judgment. Defendants failed to respond to discovery requests, failed to appear at hearings and the settlement conference, failed to comply with court orders, and failed to respond to Plaintiff's motions. If default judgment is not entered, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The prejudice to Plaintiff in this regard supports default judgment.

### B. Merits of the Claims and Sufficiency of the Complaint.

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standards. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Plaintiff alleges that the 2013 Escalade he purchased had well in excess of 170,000 miles on it but the odometer disclosure statement falsely represented the actual mileage to be only 112,000. Doc. 1 ¶ 1. The title history for the Escalade revealed that Defendants participated in altering the odometer reading or providing false disclosures in order to cover up the vehicle's true mileage. *Id.* ¶¶ 33-54. These allegations are sufficient to state a violation of the Federal Odometer Act, which prohibits a person from changing the mileage on an odometer or providing a false odometer disclosure statement when transferring title to a vehicle. 49 U.S.C. §§ 32703(2), 32705(a)(1). The second and third factors favor default judgment.

### C. Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. Plaintiff seeks $21,690.71 in actual damages, statutorily trebled to $65,072.13. Doc. 84 at 14. Defendants willfully violated the Federal Odometer Act when they sold or transferred title to the Escalade knowing that the vehicle had significantly more miles on it than Defendants had disclosed. The Court finds the requested amount to be reasonable.

### D. Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Defendants' default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

### E. Whether Default Was Due to Excusable Neglect.

Defendants have failed to show, and nothing in the record otherwise suggests, that Defendants failure to participate in this litigation was the result of excusable neglect. This *Eitel* factor, like the other five discussed above, weighs in favor of default judgment.

### F. Policy Favoring a Decision on the Merits.

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Defendants' failure to respond to discovery, failure to appear at hearings, failure to comply with court orders, and failure to respond to motions makes a decision on the merits impossible. *See id.* The final *Eitel* factor supports default judgment. *See id.*; *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

**III. Damages.**

"A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Taylor Made Golf Co. v. Carsten*

*Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997).

Plaintiff seeks actual damages in the amount of $21,690.71, which is supported by the affidavit of counsel and vehicle maintenance and repair records. Under the Federal Odometer Act, this amount is to be trebled for total damages of $65,072.13. Plaintiff has sufficiently documented his request for attorneys' fees and costs, and the requested amounts are reasonable. Plaintiff will be awarded fees and costs pursuant the Federal Odometer Act, 49 U.S.C. § 32710(b), and Federal Rule of Civil Procedure 54(d). *See Baeza v. Compadres Auto Sales, LLC*, No. CV 16-01903-PHX-DMF, 2017 WL 1497877, at *1 (D. Ariz. Mar. 30, 2017) ("Successful litigants under the Federal Odometer Act . . . are entitled to three times their actual damages or $10,000, whichever is greater, and to reasonable attorney's fees and costs.").

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 84) is **granted**.
2. Default judgment is entered in favor of Plaintiff and against Defendants Transtyle, Inc., Sadeghi Holdings LLC, Mimi Sadeghi, Fred Sadeghi, and Faramarz Sadeghi in the amount of $65,072.13, plus attorneys' fees of $14,917.50 and court costs of $494.50.
3. The Clerk of Court is directed to terminate this action.

Dated this 17th day of October, 2018.

David G. Campbell
Senior United States District Judge